The document below is hereby signed.

Signed: February 16, 2011.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ERIC C. ROBERTS, SR., | ) | Case No. 10-01205 |
| | ) | (Chapter 7) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER RE MOTION TO REDEEM

The debtor has filed a motion to redeem his automobile under 11 U.S.C. § 722.  Redemption under § 722 is unavailable when the debt at issue is nondischargeable.  The affected creditor has filed an adversary proceeding to determine that its claim is nondischargeable, and opposes the motion to redeem as premature pending the outcome of the adversary proceeding

The creditor asks that the motion to redeem be denied without prejudice to renewal after the adversary proceeding is decided.  When the single remaining issue affecting the outcome of a motion to redeem is the dischargeability of the debt, the more appropriate approach is to hold the motion to redeem in abeyance pending the outcome of the adversary proceeding for a determination of nondischargeability.  *In re Pearsall*, 441 B.R.

267, 272 (Bankr. N.D. Ohio 2010).[1]

Nevertheless, there is another issue that has not been resolved.  Under 11 U.S.C. § 506(a)(2), the creditor's allowed secured claim for purposes of redemption under § 722 must be based on replacement value.  The debtor's motion does not allege that $1,275 is a *replacement value*, but instead alleges that it is a *market value*.  That does not suffice to allege that the $1,275 is a replacement value.  The motion's exhibit (from which the debtor derived the $1,275 value) is a Kelley Blue Book listing of a range of *trade-in values*, thus suggesting that the $1,275 value may not equate to a *replacement value*.  Accordingly, the debtor should amend his motion by alleging the replacement value of the automobile in accordance with § 506(a)(2), and seeking to redeem for the replacement value.

In accordance with the foregoing, it is

ORDERED that within 21 days after entry of this order, the debtor shall amend the debtor's motion to redeem based on a redemption value that is a replacement value in accordance with 11 U.S.C. § 506(a)(2), and if he fails to do so, the motion will be denied.  It is further

ORDERED that the creditor may file a response to any amended motion within 14 days after the filing of the same.  It is

---

[1] If it deems it warranted, the creditor in the interim can file a motion for adequate protection.  *Id.*

further

ORDERED that once the redemption value is fixed, the motion to redeem will be held in abeyance pending the outcome of the creditor's adversary proceeding to determine whether the debt owed it is nondischargeable.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 7 Trustee;

Augustine H. Kim, Esq.
The Metropolitan Law Group, L.L.C.
8230 Boone Boulevard, Suite 370
Vienna, Virginia 22182.

3